# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL ANTHONY KENDRICK,

    Plaintiff,

-vs-                                                          Case No.  8:10-CV-2484-T-30EAJ

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## **ORDER**

Before the Court are Plaintiff's Notice of Removal (Dkt. 1), Motion for Leave to File Notice of Removal (Dkt. 2), Motion to be Heard (Dkt. 3), and Motion for Relief from a Judgment or Order (Dkt. 4).  It appears that Plaintiff submitted the instant action pursuant to 28 U.S.C. § 1446 to remove to this Court an allegedly pending Hillsborough County, Florida, criminal prosecution in case no. 05-cf-13532.  The matter is now before the Court for screening pursuant to 28 U.S.C. § 1446(c)(4), that requires this Court to promptly examine an attempt to remove a state criminal prosecution, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

**Background**

Plaintiff asserts that he is being denied his equal civil rights under the United States Constitution and seeks removal of his state criminal proceedings to this Court (Dkt. 1 at pg. 2).  The Court takes judicial notice of information available November 9, 2010, on the

database maintained by the Clerk of the Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com, which indicates that Plaintiff's judgment of conviction in case no. 05-cf-13532 was entered on April 22, 2008, and the appellate court mandate affirming the judgment of conviction was filed on July 7, 2010.[1]

**Analysis**

Certain state criminal prosecutions may be removed to federal district court. 28 U.S.C. § 1446(a). 28 U.S.C. § 1442 authorizes removal of state criminal proceedings to federal court by the defendant where a federal officer is prosecuted for an act under color of federal law. 28 U.S.C. § 1442(a). Alternatively, 28 U.S.C. § 1443 allows for a removal by the defendant to federal court where the state criminal prosecution is for an act under color of authority derived from a law providing for equal protection rights. 28 U.S.C. § 1443(2). *See also Peacock v. City of Greenwood*, 347 F.2d 679, 684 (5th Cir. 1965) ("[A] good claim for removal under § 1443(1) is stated by allegations that a state statute has been applied prior to trial so as to deprive an accused of his equal civil rights in that the arrest and charge under the statute were effected for reasons of racial discrimination."). The Notice of Removal does not allege that Plaintiff is a federal official, or that his criminal prosecution involved equal protection rights. Thus, section 1446 is inapplicable in this case.

Further, Plaintiff has failed to satisfy the procedural requirements of 28 U.S.C. § 1446 because his Notice of Removal is untimely. Section 1446(c)(1) provides that a notice of removal of a criminal case must "be filed not later than thirty days after the arraignment in

---

[1] Plaintiff's conviction was affirmed by the appellate court on June 11, 2010 (Dkt. 1-1 at pg. 3).

the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." Plaintiff's Notice of Removal was not filed within 30 days of arraignment or before trial. Moreover, he has failed to demonstrate good cause for filing an untimely notice of removal. Thus, Plaintiff's Notice of Removal is barred by the time restraints of Section 1446(c)(1).

Finally, because there does not appear to be any pending state criminal prosecution against Plaintiff that could be removed, this Court concludes that dismissal rather than remand is appropriate.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's Notice of Removal (Dkt. 1) is **DISMISSED**.

2. The **Clerk** shall terminate all pending motions, and close this case.

3. The **Clerk** shall enclose **two copies** of the court-approved form used to initiate a § 2254 case and one Affidavit of Indigency form with Plaintiff's copy of this order.[2]

**DONE** and **ORDERED** in Tampa, Florida on November 10, 2010.

*James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff

---

[2] Normally, a challenge to state custody should be brought pursuant to 28 U.S.C. § 2254.

3