UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ANTHONY KENDRICK,

    Plaintiff,

-vs-                                             Case No.  8:10-CV-2484-T-30EAJ

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## **ORDER**

Before the Court are Plaintiff's Motion to be Heard and Amended Notice of Removal (Dkt. 9), which the Court construes as a motion to amend his original petition filed pursuant to 28 U.S.C. § 1446, and motion for leave to proceed on appeal *in forma pauperis* (Dkt. 10).

First, to the extent Plaintiff requests leave to amend his petition, his request must be denied because this Court previously denied his petition. Because there is no pending petition, there is nothing to amend. *Cf. United States v. Terrell*, 141 Fed. Appx. 849, 852 (11th Cir.2005) ("[T]here was no pending § 2255 motion in the district court when Mr. Terrell filed his motion and, hence, there was nothing to amend.").

Second, to the extent Petitioner's motion to amend his petition may be construed as a motion for relief from judgment pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6), the motion must be denied. Plaintiff does not show that section 1446 is applicable to his case. Further, the Notice of Removal is untimely.

Finally, statutory provision for litigation *in forma pauperis* in the federal courts is made by 28 U.S.C. § 1915, authorizing any court of the United States to allow indigent persons to prosecute, defend or appeal suits without prepayment of costs. *See Coppedge v. United States*, 369 U.S. 438, 441 (1962). The following statutory language guides district courts in passing upon an application for *in forma pauperis* status: "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review." *Cruz v. Hauck*, 404 U.S. 59, 62 (1971). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat'l Bank*, 271 Fed. Appx. 858, 860 (11th Cir. 2008) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). "In other words, an IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Ghee*, 271 Fed. Appx. at 859 (citing *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

This appeal is not taken in good faith under 28 U.S.C. 1915(a)(3) and Rule 24(a) of the Federal Rules of Appellate Procedure because Plaintiff has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). Accordingly, Plaintiff is not entitled to appeal as a pauper, and he will be required to pay the $455.00

appellate filing and docketing fees.[1]

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's Motion to be Heard and Amended Notice of Removal (Dkt. 9) is **DENIED**.

2. Plaintiff's motion to proceed on appeal *in forma pauperis* (Dkt. 10) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 25, 2011.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff

---

[1]The Court notes that this Court's docket indicates that Plaintiff's notice of appeal was dismissed by the Eleventh Circuit Court of Appeals for failure to prosecute (Dkt. 11).